UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PRADEEP MAHAPATRA, Individually and On Behalf of All Others Similarly Situated, | ) Case No. 10-cv-2515 (DAB) (DF) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| FUQI INTERNATIONAL, INC., YU KWAI CHONG, and CHING WAN WONG, | ) ) ) |
| Defendants. | ) |

[Additional Captions Follow]

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF PROPOSED LEAD PLAINTIFFS BRENT EVANS, SIDNEY AND ELAINE GLICK FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFFS AND <u>THE APPROVAL OF THEIR SELECTION OF LEAD COUNSEL</u>**

| | |
|---|---|
| ROBERT M. HODGE, Individually and on behalf of himself and All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>                    vs.<br><br>FUQI INTERNATIONAL, INC., YU KWAI CHONG, and CHING WAN WONG,<br><br>                    Defendants. | Case No. 10-cv-2544 (DAB) (DF) |
| THOMAS MARKEY, Individually and On Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>                    vs.<br><br>FUQI INTERNATIONAL, INC., YU KWAI CHONG, CHING WAN WONG, LIE XI ZHUANG and CHARLENE HUA,<br><br>                    Defendants. | Case No. 10-cv-2556 (DAB) (DF) |

| | | |
|---|---|---|
| JOEL A. HOFFLICH, | ) | Case No. 10-cv-2610 (DAB) (DF) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| FUQI INTERNATIONAL, INC., YU KWAI CHONG, CHING WAN WONG, LIE XI ZHUANG, LILLY LEE CHEN, EILEEN B. BRODY, VICTOR A. HOLLANDER, HAIYONG JEFF LIU, WILLIAM BLAIR & COMPANY, L.L.C., COWEN & COMPANY, L.L.C. and OPPENHEIMER & CO., INC., | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| CARLTON COWIE, On Behalf of Himself and All Others Similarly Situated, | ) ) | Case No. 10-cv-2611 (DAB) (DF) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| FUQI INTERNATIONAL, INC., YU KWAI CHONG, and CHING WAN WONG, | ) ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| FUCHSBERG INVESTMENT PARTNERS, On Behalf of Itself and All Others Similarly Situated, | ) ) | Case No. 10-cv-2639 (DAB) (DF) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| FUQI INTERNATIONAL, INC., YU KWAI CHONG, and CHING WAN WONG, | ) ) | |
| | ) | |
| Defendants. | ) | |

| | |
|---|---|
| TAMMY DEE THOMPSON, Individually and On Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>         vs.<br><br>FUQI INTERNATIONAL, INC., YU KWAI CHONG, CHING WAN WONG, LIE XI ZHUANG, EILEEN B. BRODY, VICTOR A. HOLLANDER, JEFF HAIYONG LIU, WILLIAM BLAIR & CO., OPPENHEIMER & CO. INC., and COWEN AND COMPANY, LLC,<br><br>                    Defendants. | Case No. 10-cv-2640 (DAB) (DF) |
| HAI RONG YANG, Individually and On Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>         vs.<br><br>FUQI INTERNATIONAL, INC., YU KWAI CHONG, and CHING WAN WONG,<br><br>                    Defendants. | Case No. 10-cv-2654 (DAB) (DF) |

| | |
|---|---|
| HARRY POGASH, Individually and On Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>   vs.<br><br>FUQI INTERNATIONAL, INC., YU KWAI CHONG, CHING WAN WONG, LIE XI ZHUANG, and CHARLENE HUA,<br><br>      Defendants. | Case No. 10-cv-2885 (DAB) (DF) |

| | |
|---|---|
| SIDNEY and ELAINE GLICK, Individually and On Behalf of All Others Similarly Situated,<br><br>      Plaintiffs,<br><br>   vs.<br><br>FUQI INTERNATIONAL, INC., YU KWAI CHONG, and CHING WAN WONG,<br><br>      Defendants. | Case No. 10-cv-3007 (DAB) (DF) |

| | |
|---|---|
| MICHAEL E. COOPER, JR., Individually and On Behalf of All Others Similarly Situated, </br></br>     Plaintiff, </br></br>  vs. </br></br>FUQI INTERNATIONAL, INC., YU KWAI CHONG, CHING WAN WONG, LIE XI ZHUANG, LILY LEE CHEN, EILEEN B. BRODY, VICTOR A. HOLLANDER, JEFF HAIYONG LIU, WILLIAM BLAIR & COMPANY, L.L.C., OPPENHEIMER & CO., INC., and COWEN & COMPANY, L.L.C. </br></br>     Defendants. | Case No. 10-cv-3024 (DAB) (DF) |
| RICHARD C. STARKEY, derivatively on behalf of FUQI INTERNATIONAL, INC., </br></br>     Plaintiff, </br></br>  vs. </br></br>YU KWAI CHONG, CHING WAN WONG, LIE XI ZHUANG, LILY LEE CHEN, EILEEN B. BRODY, VICTOR A. HOLLANDER, and JEFF HAIYONG LIU, </br></br>     Defendants. | Case No. 10-cv-3326 (DAB) (DF) |

**TABLE OF CONTENTS**

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

PROCEDURAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    POINT I -    THE ACTIONS SHOULD BE CONSOLIDATED . . . . . . . . . . . . . . . . . 3

    POINT II -    MOVANTS SHOULD BE APPOINTED LEAD PLAINTIFFS . . . . . . . 4

    A.    The Procedure Required By The PSLRA . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    B.    Movants Satisfy The "Lead Plaintiff" Requirements Of The PSLRA . . . . . . . . . 5

        1.    Movants Have Complied With The PSLRA
            And Should Be Appointed Lead Plaintiffs . . . . . . . . . . . . . . . . . . . . . . . . 5

        2.    Movants Have The Largest Financial Interest
            In The Relief Sought By The Class . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

        3.    Movants Otherwise Satisfy Rule 23 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    POINT III -    THE COURT SHOULD APPROVE MOVANTS'
                      CHOICE OF COUNSEL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Proposed Lead Plaintiffs Brent Evans, Sidney and Elaine Glick ("Movants") hereby respectfully submit this memorandum of law in support of their motion for: (i) appointment as Lead Plaintiffs pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and (ii) approval of Movants' selection of Stull, Stull & Brody and Weiss & Lurie as Co-Lead Counsel.

## INTRODUCTION

This is a class action brought on behalf of shareholders who purchased Fuqi International, Inc. ("Fuqi" or the "Company") common stock between May 15, 2009 and March 16, 2010 (the "Class Period"). The Class is seeking to pursue remedies under Rule 10b-5 and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

Movants have suffered significant damages as a result of Defendants' misconduct. Movants now seek to be appointed as Lead Plaintiffs of the Action. Additionally, Movants seek Court approval of their selection of Stull, Stull & Brody and Weiss & Lurie as Co-Lead Counsel. As discussed below, Movants have satisfied each of the requirements of the PSLRA and, therefore, are qualified for appointment as Lead Plaintiffs in this Action.

## PROCEDURAL BACKGROUND

On or about March 19, 2010 the first actions were filed against Fuqi and various defendants in this Court, including Mahapatra v. Fuqi International, Inc., et al., Case No. 10-cv-2515 and Hodge v. Fuqi International, Inc., et al., Case No. 10-cv-2544. On March 19, 2010, later that day, notice of the pendency of the Hodge action was published on BusinessWire, advising members of the class of their right to move the Court to serve as lead plaintiff no later than sixty (60) days from the date of publication of the Notice, i.e., by May 18, 2010. On or

about April 7, 2010, Plaintiffs also filed this action, <u>Glick v. Fuqi International, Inc., et al.</u>, Case No. 10-cv-3007, in this Court, alleging violations of the federal securities laws, including the Exchange Act of 1934. Pursuant to Private Securities Litigation Reform Act, Movants submit this memorandum of law in support of their motion for appointment as Lead Plaintiffs and approval of their selection of counsel.

## **STATEMENT OF FACTS**

Fuqi is a leading designer of high quality precious metal jewelry in China, developing, promoting, and selling a broad range of products in the large and rapidly expanding Chinese luxury goods market.

On March 16, 2010, Fuqi issued a press release announcing its preliminary financial results for the fourth quarter ended December 31, 2009 and a delay in the filing of its Annual Report on Form 10-K, identifying certain errors related to the accounting of the Company's inventory and cost of sales and that the result of the accounting errors was expected to have a material impact on the Company's previously issued quarterly financial statements for the first three quarters of 2009.

The Company announced that as a result of these accounting deficiencies, the cost of sales for each of these periods was understated, and that gross profit and net income were overstated accordingly.  Based on the Company's latest estimate, the possible overstatement is expected to be approximately 12%-14% and 21%-23% for the first and second quarter of 2009, respectively, and the earnings per share included in the previously issued financial statements for the nine months ended September 30, 2009 were overstated by approximately $0.15-$0.19 per share.

Following the Company's disclosure on March 16, 2010, shares of Fuqi decreased $7.10 per share, from $19 per share at the close of trading on March 16, 2010 to $11.90 per share at the close of trading on March 17, 2010, a decline of $37.37%, on extremely heavy volume of 17.3 million shares.

Throughout the Class period, Defendants made false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations and prospects. Specifically, Defendants made false and/or misleading statements and/or failed to disclose: (i) that the Company's cost of sales for the first three quarters of 2009 were understated during the Class Period; (ii) as a result of the understatement of cost of sales, gross profit and net income were accordingly overstated during the Class Period; (iii) that the Company's financial results were not prepared in accordance with Generally Accepted Accounting Principles ("GAAP"); (iv) that the Company lacked adequate internal and financial controls; and (v) that, as a result of the above, the Company's financial statements during the Class Period were materially false and misleading at all relevant times.

As a result of Defendants' wrongful acts and omissions, and the steep decline in the share price of Fuqi securities, Plaintiffs and other Class members have suffered significant losses and damages.

## ARGUMENT

### POINT I

### THE ACTIONS SHOULD BE CONSOLIDATED

The Actions involve class action claims on behalf of the purchasers of Fuqi securities and assert essentially similar and overlapping class claims for relief brought on behalf of the

purchasers of Fuqi securities. Consolidation is appropriate where, as here, there are actions involving common questions of law or fact. See Fed. R. Civ. P. 42 (a); Johnson v. Celotex Corp., 899 F.2d 1281, 1284 (2d Cir.), cert. denied, 498 U.S. 920 (1990). That test is met here and the Actions should be consolidated.

## POINT II

## MOVANTS SHOULD BE APPOINTED LEAD PLAINTIFFS

### A. The Procedure Required By The PSLRA

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). Plaintiffs, in the Hodge action, caused notice to be published on BusinessWire on March 19, 2010.[1] See Declaration of Joseph H. Weiss ("Weiss Decl."), Ex. A. Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. § 78u-4 (a)(3)(A) and (B).

---

[1] Wire services have consistently been recognized as a suitable vehicle for meeting the statutory requirement that notice be published "in a widely circulated national business-oriented publication or wire service." See Lax v. First Merchants Acceptance Corp., 1997 U.S. Dist. LEXIS 11866 at *2 (N.D. Ill. Aug. 6, 1997).

Second, the PSLRA provides that within 90 days after publication of the notice the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. § 78u-4 (a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that - -
>
> (aa)   has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4 (a)(3)(B)(iii). See generally Greebel v. FTP Software, 939 F. Supp. 57, 64 (D. Mass. 1996).

**B.   Movants Satisfy The "Lead Plaintiff" Requirements Of The PSLRA**

**1.   Movants Have Complied With The PSLRA And Should Be Appointed Lead Plaintiffs**

The time period in which class members may move to be appointed lead plaintiffs under 15 U.S.C. § 78u-4 (a)(3)(A) and (B) expires on May 18, 2010. Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice (published on March 19, 2010), Movants herein timely move this Court to be appointed Lead Plaintiff on behalf of all members of the Class.

Movants are willing to serve as representative parties on behalf of the Class as evidenced by their duly executed certifications.  See Weiss Decl. Ex. B.  In addition, Movants have selected and retained experienced and competent counsel to represent them and the Class.  See Weiss Decl. Exs. D and E.

Accordingly, Movants have satisfied the individual requirements of 15 U.S.C. § 78u-4 (a)(3)(B) and are entitled to have their application for appointment as Lead Plaintiffs and their selection of Co-Lead Counsel, as set forth herein, considered and approved by the Court.

### 2. Movants Have The Largest Financial Interest In The Relief Sought By The Class

According to 15 U.S.C. § 78u-4 (a)(3)(B), the court shall appoint as lead plaintiffs the class member or members who represent the largest financial interest in the relief sought by the class.

During the Class Period, as evidenced by, among other things, the accompanying signed certification, Movants have suffered significant damages as a result of Defendants' misconduct. See Weiss Decl. Ex. C.

Moreover, Movants are unaware of any other plaintiff or lead plaintiff applicant who has a larger financial interest in the relief sought.  As such, Movants have the greatest financial interest in the relief sought by the class in this litigation.  Movants satisfy all of the PSLRA's prerequisites for appointment as Lead Plaintiff and should be appointed Lead Plaintiff pursuant to 15 U.S.C. § 78u-4 (a)(3)(B) .

### 3. Movants Otherwise Satisfy Rule 23

According to 15 U.S.C. § 78u-4 (a) (3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two -- typicality and adequacy -- directly address the personal characteristics of the class representatives. Consequently, in deciding a motion to serve as lead plaintiff, the Court should focus its inquiry on the typicality and adequacy prongs of Rule 23(a). Lax v. First Merchants, 1997 U.S. Dist. LEXIS 11866, at *20; Fischler v. Amsouth Bancorporation, 1997 U.S. Dist. LEXIS 2875, at *7-8 (M.D. Fla. Feb. 6, 1997).

Here, the Movants satisfy both the typicality and adequacy requirements of Rule 23, thereby justifying their appointment as Lead Plaintiffs. Typicality exists if claims "arise[] from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." See In re Drexel Burnham Lambert Group, Inc., 960 F.2d 285, 291 (2d Cir. 1992), cert. dismissed sub nom., 506 U.S. 1088 (1993). However, the claims of the class representatives need not be identical to the claims of the class to satisfy typicality. Instead, the courts have recognized that:

> [T]he typicality requirement may be satisfied even if there are factual dissimilarities or variations between the claims of the named plaintiffs and those of other class members, including distinctions in the qualifications of the class members.

Bishop v. New York City Dept. of Housing Preservation and Development, 141 F.R.D. 229, 238 (2d Cir. 1992);  See also Avagliano v. Sumitomo Shoji America, Inc., 103 F.R.D 562, 582 (S.D.N.Y. 1984).

As set forth above, Movants seek to represent a class of investors in Fuqi common stock pursuing claims under the Exchange Act.  Thus, typicality is satisfied since the claims asserted by Movants arise "from the same event or course of conduct that gives rise to claims of other class members and the claims are based on the same legal theory."  Walsh v. Northrop Grumman Corp., 162 F.R.D. 440, 445 (E.D.N.Y. 1995).

Under Rule 23(a)(4) the representative party must also "fairly and adequately protect the interests of the class."  The standard for adequacy of representation under Rule 23(a)(4) is met by: (1) the absence of potential conflicts between the named plaintiff and the class members, and (2) the class representative's choice of counsel who is qualified, experienced and able to vigorously conduct the proposed litigation.  Garfinkel v. Memory Metals, Inc., 695 F. Supp. 1397, 1405 (D. Conn. 1988).

Here, Movants are the most adequate representatives of the Class.  The interests of Movants are clearly aligned with the members of the Class and there is no evidence of any antagonism between Movants' interests and those of the other members of the Class they seek to represent.  In addition, as shown below, the Movants' proposed Co-Lead Counsel is highly qualified, experienced and able to conduct this complex litigation in a professional manner. Thus, Movants prima facie satisfy the typicality and adequacy requirements of Rule 23.

## POINT III

### THE COURT SHOULD APPROVE MOVANTS' CHOICE OF COUNSEL

Pursuant to 15 U.S.C. § 78u-4 (a)(3)(B)(v), the lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class he seeks to represent. In that regard, Movants have selected Stull, Stull & Brody and Weiss & Lurie to serve as Co-Lead Counsel. Stull, Stull & Brody and Weiss & Lurie have extensive experience in successfully prosecuting shareholder and other class actions, and have frequently appeared in major actions in this and other courts. See Weiss Decl. Exs. D and E.

### CONCLUSION

For all the foregoing reasons, Movants respectfully request that the Court grant their request for appointment as Lead Plaintiffs and approve their selection of Lead Counsel.

Dated: May 18, 2010

        WEISS & LURIE

        By: /s/ Joseph H. Weiss
            Joseph H. Weiss
            Mark D. Smilow
            WEISS & LURIE
            551 Fifth Avenue
            New York, New York 10176
            (212) 682-3025
            (212) 682-3010 (Fax)

            Jules Brody
            STULL STULL & BRODY
            6 East 45th Street
            New York, New York 10017
            (212) 687-7230
            (212) 490-2022 (Fax)

            Attorneys for Plaintiffs
            Brent Evans, Sidney and
            Elaine Glick